UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PROGRESSIVE CASUALTY                                    Plaintiffs
INSURANCE COMPANY, *et al.*

v.                                        Civil Action No. 3:21-cv-237-RGJ

CHRISTIAN MORRISON, *et al.*                           Defendants

-and-

AMERICAN STRATEGIC INSURANCE                            Plaintiff
CORPORATION

v.                                        Civil Action No. 3:21-cv-241-RGJ

WILLIAM MORRISON, *et al.*                             Defendants

* * * * *

## MEMORANDUM OPINION & ORDER

Plaintiffs Progressive Casualty Insurance Company ("PCIC") and American Strategic Insurance Corporation's ("ASI" together with PCIC, "Plaintiffs") move for a judgment on the pleadings in Case No. 3:21-cv-237 ("PCIC Action"). [PCIC Action, DE 21]. Defendants, Christian Morrison ("Christian"), Margaret Morrison ("Margaret"), and William Morrison ("William" together with Christian and Margaret, "Morrisons") did not respond in the PCIC Action and the time for doing so has passed. ASI moves for judgment on the pleadings in Case No. 3:21-cv-241 ("ASI Action"). [ASI Action, DE 23]. The Morrisons and Michael Maultsby ("Maultsby") responded to ASI's Motion [ASI Action, DE 30; DE 34] and ASI replied [ASI Action, DE 36]. For the reasons below, Plaintiffs' Motion for Judgment on the Pleadings [PCIC Action, DE 21] is **GRANTED** and ASI's Motion for Judgment on the Pleadings [ASI Action, DE 23] is **GRANTED**.

1

## I.   BACKGROUND

Margaret and William are Christian's parents.  [PCIC Action, DE 1 at 2].  These actions stem from an incident on November 29, 2020.  [*Id.*].  Christian was driving a vehicle owned by Margaret and William in Jefferson County, Kentucky, when he became engaged in a verbal disagreement with Maultsby, another motorist.  [*Id.*].  During the disagreement, Christian discharged a firearm at Maultsby, striking him in the chest.  [*Id.*].  Maultsby was in the ICU for five days and stayed in the hospital for 10 days recovering from the gunshot wound.  [*Id.* at 2–3].

Christian was later arrested.  [*Id.* at 3].  A criminal proceeding against Christian was initiated in Jefferson County Circuit Court.  *See Commonwealth v. Morrison*, Case No. 21-cr-000234 (Jefferson Cir. Ct.).  Christian was charged with assault and assault under extreme emotional disturbance.  *See id.*  Christian pleaded guilty to assault under extreme emotional disturbance on May 23, 2022.  *See id.*

Maultsby is not a party to PCIC Action but is a party to the ASI Action.  Maultsby filed Case No. 21-CI-003240 in Jefferson County Circuit Court ("State Court Action") alleging negligence, negligent nonfeasance, wanton negligence, negligent infliction of emotional distress, assault, battery, and intentional infliction of emotional distress.  [ASI Action, DE 41 at 186].  Maultsby specifically alleges that Christian "produced and recklessly handled a firearm, causing it to discharge at least on bullet that subsequently struck [Maultsby]."  [ASI Action, 41-1 at 194].  "After discharging the firearm and causing at least one bullet to strike [Maultsby], [Christian] fled the scene without rendering aid to [Maultsby].  [*Id.*].  At the time of the incident, William and Margaret were insured by PCIC and ASI.  [PCIC Action, DE 1 at 3].  The PCIC policy ("PCIC Policy") states in pertinent part, "we will pay for bodily injury and property damage for which an insured person becomes legally responsible because of an accident."  [*Id.* at 4].  The PCIC Policy

then excludes "bodily injury or property damage caused by an intentional act of that insured person, or at the direction of that insured person, even if the actual injury or damage is different than that which was intended or expected." [*Id.*]

Similarly, the umbrella policy written by ASI ("ASI Policy") states, "[w]e will pay damages, in excess of the 'retained limit', for: 'Bodily injury' or 'property damage' for which an 'insured' becomes legally liable due to an 'occurrence' to which this insurance applies." [*Id.* at 5]. An "[o]ccurrence" under the ASI Policy is defined as "an accident, including exposure to harmful conditions, which results during the policy period, in 'bodily injury' or 'property damage.'" [ASI Action, DE 1 at 3]. The ASI Policy also excludes coverage for expected or intended injuries and illegal or criminal acts. [*Id.* at 3–4].

Plaintiffs seek a declaratory judgment that "[PCIC] and/or ASI owe no insurance coverage, including defense and indemnity, to Christian, Margaret and/or William and owe no insurance benefits, including defense and indemnity, for claims arising from Maultsby's November 29, 2020 gunshot injury." [PCIC Action, DE 1 at 7]. Plaintiffs argue that they owe no insurance coverage to the Morrisons because the November 29, 2020, incident involving Christian Morrison was an intentional act, and therefore not an "occurrence" as defined in the policies. [*Id.* at 5–6]. Plaintiffs now move for Judgment on the Pleadings. [PCIC Action, DE 21; ASI Action, DE 23]. After receiving Plaintiffs' motions, the Court requested briefing on jurisdiction. [PCIC Action, DE 24; ASI Action, DE 40]. Because the PCIC Action and ASI Action present identical legal issues, the Court will address the outstanding legal issues in a single order, starting with jurisdiction.

## II.    STANDARD OF REVIEW

### A.  Jurisdiction

Under the Declaratory Judgment Act, a federal court "may declare the rights and other

legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).[1]  While the Act authorizes district courts to exercise jurisdiction, it does not mandate or impose a duty to do so.  *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004).  The Act affords the "federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).   This court considers five factors ("*Grand Trunk* factors") to determine whether the exercise of Declaratory Judgment Act jurisdiction is appropriate.  *Grand Trunk W.R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984) (internal quotation marks omitted).  Although the Court must balance the five factors, the Sixth Circuit has never clarified the relative weights of the factors.  *Id.* at 326.

### B.  Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c)  provides that "a party may move for judgment on the pleadings."  A court is to apply the same standard to a motion for judgment on pleadings that it applies to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).  A motion for judgment on the pleadings may be "granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter

---

[1]  The Act does not provide an independent basis for subject matter jurisdiction. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).  Thus, an action brought under the Declaratory Judgment Act must invoke an independent basis for federal jurisdiction.  Here, the independent basis for subject matter jurisdiction is diversity.

of law." *Id.* (quoting *Paskvan v. City of Cleveland Civ. Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

Although a court's decision on a motion for judgment on the pleadings rests primarily on the allegations of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)) (internal quotation marks omitted). The Sixth Circuit "ha[s] recognized that if a plaintiff references or quotes certain documents, or if public records refute a plaintiff's claim, a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion to dismiss into a Rule 56 motion for summary judgment." *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014) (citation omitted). "Such public records that a court may consider include documents from other court proceedings." *Watermark Senior Living Ret. Comtys., Inc. v. Morrison Mgmt. Specialists, Inc.*, 905 F.3d 421, 425–26 (6th Cir. 2018) (citing *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010)).

### III.   DISCUSSION

There are currently two outstanding legal issues that the Court must address: (1) jurisdiction and (2) coverage. Before the Court can address coverage under the PCIC Policy and ASI Policy, the Court must address jurisdiction according to *Grand Trunk* and the Declaratory Judgment Act.

### A. Jurisdiction Under *Grand Trunk*

As requested by the Court, the PCIC, ASI, and Maultsby have briefed jurisdiction under *Grand Trunk* and The Declaratory Judgment Act. PCIC and ASI argue for this Court's jurisdiction

[PCIC Action, DE 25; ASI Action, DE 42] but Maultsby contends that the Court lacks jurisdiction [ASI Action, DE 41].  The Morrisons failed to brief the issue.

> i.   *Whether the declaratory action would settle the controversy and clarify the legal relations.*

The first two *Grand Trunk* factors assess "(1) whether the declaratory action would settle the controversy" and "(2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue." *Grand Trunk*, 746 F.2d at 326.  Because "it is almost always the case that if a declaratory judgment will settle the controversy, . . . it will clarify the legal relations in issue," the inquiries required by these two factors often overlap substantially.  *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 397 (6th Cir. 2019) (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 557 (6th Cir. 2008); *Bituminous*, 373 F.3d at 814; and *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003)).

There are two lines of cases in the Sixth Circuit. *United Specialty Ins. Co. v. Cole's Place, Inc.*, No. 3:17-CV-00326-TBR, 2018 WL 1914731, at *4 (W.D. Ky. Apr. 23, 2018), *aff'd*, 936 F.3d 386 (6th Cir. 2019) (citing *Flowers*, 513 F. 3d at 555).  "One line of cases approved of declaratory actions because they can 'settle the insurance coverage controversy,' while a second line of cases disapproved of declaratory actions because while they 'might clarify the legal relationship between the insurer and the insured, they do not settle the ultimate controversy.'" *Id*. (quoting *Flowers*, 513 F.3d at 555).

Plaintiffs argue that if the Court will only have to determine whether the policies apply to the alleged gunshot injury because the fact of the gunshot is not in dispute.  [PCIC Action, DE 25 at 150].  They argue that the question does not depend on any factual findings in the state court. [*Id.*].  ASI argues that a judgment by this Court will settle whether ASI must defend Christian in the underlying State Court Action.  [ASI Action, DE 42 at 204].  In response, Maultsby argues that

the Court cannot decide whether there is coverage without additional facts from the State Court action.  [ASI Action, DE 41 at 189].

In duty-to-defend cases, "a court should determine at the outset of litigation whether an insurance company has a duty to defend its insured by comparing the *allegations in the underlying complaint* with the terms of the insurance policy." *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 507 (6th Cir. 2003)  (applying Kentucky law)  (emphasis added).  "The interpretation of an insurance contract is a matter of law." *Id.* (citing *Stone v. Ky. Farm Bureau Mut. Ins. Co.*, 34 S.W.3d 809, 810 (Ky. App. 2000)).  "The duty to indemnify is narrower than the duty to defend because it only arises when there is an actual basis for the insured's liability to a third party." *Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co.*, 598 F.3d 257, 269 (6th Cir. 2010). "If there is no duty to defend, then there is no duty to indemnify because the duty to defend is broader." *Nautilus Ins. Co. v. Structure Builders & Riggers Mach. Moving Div., LLC*, 784 F. Supp. 2d 767, 771 (E.D. Ky. 2011).

Determining whether PCIC and ASI has a duty to defend or indemnify is a purely legal question. *See Westfield Ins. Co. v. B.H. Green & Son, Inc.*, No. 5:11-CV-10, 2011 WL 13210095, at *2 (W.D. Ky. Oct. 17, 2011)  ("This declaratory judgment action seeks a determination of whether Westfield has a duty to defend B.H Green and whether the insurance policies at issue provide coverage or benefits to B.H. Green.  This is a purely legal question that will be resolved by examining the Lyon Circuit Court complaint and the insurance contracts.").  The first factor supports jurisdiction.

As to the second factor, the dispute in the State Court Action is about Christian's liability to Maultsby for his actions on November 29, 2020.  [ASI Action, DE 41-1].  Rather, the Court must consider whether the declaratory judgment action will "settle the controversy" in these cases

by resolving the dispute between the insurer and insured over who will pay for the state-court litigation. *See, e.g.*, *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 760–61 (6th Cir. 2014). Because a declaratory judgment appears likely to resolve that dispute, the second factor supports jurisdiction.

> ii. *Whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata.*

The third factor considers "whether the use of the declaratory judgment action is motivated by 'procedural fencing' or [is] likely to create a race for res judicata." *Flowers*, 513 F.3d at 558. The third factor seldom weighs heavily in the analysis. *Cole's Place*, 936 F.3d at 399. However, Courts in the Sixth Circuit "take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum." *See AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004).

The PCIC Action was filed on April 14, 2021 [PCIC Action DE 1], and the ASI Action was filed on April 15, 2021 [ASI Action, DE 1]. The State Court Action was filed on June 4, 2021. [ASI Action, DE 41-1]. Based on the filing dates, the State Court Action was initiated just over two months after the PCIC Action and ASI Action. Although this timing is not preferred, see *AmSouth Bank*, 386 F.3d at 788, Maultsby has not objected to the Court's jurisdiction based on procedural fencing. [ASI Action, DE 41]. No party has presented evidence that the PCIC Action or the ASI Action was initiated to place themselves in a preferred jurisdiction. Plaintiffs contend that their actions were commenced because they believe their us no coverage [PCIC Action, DE 25 at 152], which the Sixth Circuit has held is a proper motive for initiating such actions. *See Northland*, 327 F.3d at 454. Accordingly, the Court finds that the third factor remains neutral.

      *iii.    Whether the use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction.*

The fourth *Grand Trunk* factor addresses "whether accepting jurisdiction would increase friction between federal and state courts" and is broken into three sub-factors. *Flowers*, 513 F.3d at 559. The first sub-part "focuses on whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action." *Flowers*, 513 F.3d at 560.

Plaintiffs contend that it is undisputed that the State Court Action is based on Christian's gunshot. [PCIC Action, DE 25 at 153]. Therefore, the Court will not be making factual findings that could conflict with the State Court Action. [*Id.*]. ASI similarly contends that the facts necessary to resolve the PCIC Action and ASI Action are not in dispute. [ASI Action, DE 42 at 206–207]. Maultsby argues that coverage is dependent on discovery in the State Court Action that will reveal additional facts surrounding the gunshot. [ASI Action, DE 41 at 189–90]. As discussed above, determining whether PCIC or ASI have duties to defend and indemnify is a purely legal question based on the allegations in the complaint in the State Court Action. *See Pennsylvania Nat. Mut. Cas. Ins. Co. v. HVAC, Inc.*, 679 F. Supp. 2d 863, 870 (E.D. Tenn. 2009) ("None of the factual issues necessary to resolve the state court action will be important or necessary to the Court in determining the coverage issue; accordingly, resolution of the declaratory judgment action does not depend on any factual issue in the underlying case, and this sub-factor weighs in favor of exercising jurisdiction."). The first sub-factor therefore supports jurisdiction.

      a. <u>Whether the State Trial Court is in a Better Position to Evaluate Those Factual Issues than is the Federal Court.</u>

The second sub-part examines "which court, federal or state, is in a better position to resolve the issues in the declaratory action." *Flowers*, 513 F.3d at 560. The Sixth Circuit has "found that 'issues of insurance contract interpretation are questions of state law with which the

9

Kentucky state courts are more familiar and, therefore, better able to resolve.'" *Id.* at 561 (quoting *Travelers Indem. Co. v Bowling Green Prof. Assoc.*, 495 F.3d 266, 273 (6th Cir. 2007)).   The questions that arise here do not, however, involve novel issues of Kentucky law.   *See Cole's Place*, 2018 WL 1914731, at *8.   Moreover, neither the obligation to defend nor the scope of the PCIC Policy or ASI Policy is before the state court.   *See Flowers*, 513 F.3d at 561 ("[W]hen an insurance company is not a party to the state court action, and neither the scope of insurance coverage nor the obligation to defend is before the state court . . . a decision by the district court on these issues would not offend principles of comity.").   Accordingly, the second sub-factor is neutral and does not weigh heavily in the balance.

        **b.** <u>Whether There is a Close Nexus Between Underlying Factual and Legal Issues and State Law and/or Public Policy, or Whether Federal Common or Statutory Law Dictates a Resolution of the Declaratory-Judgment Action.</u>

The third sub-part "focuses on whether the issue in this federal action implicates important state policies and is, thus, more appropriately considered in state court." *Flowers*, 513 F.3d at 561. Kentucky state courts are "more familiar and, therefore, better able to resolve" interpretation of insurance contracts.   *Id.*   Even when the state law is not difficult to apply, the Sixth Circuit has usually found "that the interpretation of insurance contracts is closely entwined with state public policy." *Cole's Place, Inc.*, 936 F.3d at 401 (citing *Flowers*, 513 F.3d at 561 and *Travelers*, 495 F.3d at 273).   Because these actions involve interpretation of Kentucky insurance contracts, the third sub-factor counsels against jurisdiction.

       *iv.*    *Whether there is a better or more effective alternative remedy.*

The fifth and final factor asks "whether there is an alternative remedy which is better or more effective" than federal declaratory relief.   *Grand Trunk*, 746 F.2d at 326.   Kentucky law provides a declaration of rights procedure, under KRS § 418.040.   *Mass. Bay Ins. Co. v. Christian Funeral Dirs., Inc.*, No. 18-5267, 2018 WL 6787945, at *8 (6th Cir. Dec. 26, 2018).   The Sixth

Circuit has held that, "[i]n many ways, this alternative would have been better." *Flowers*, 513 F.3d at 562. Specifically,"[t]he Kentucky courts are in a superior position to resolve undecided questions of state law," and "Kentucky courts might also have been able to combine the two actions so that all issues could be resolved by the same judge." *Id.* For these reasons, overall, the fifth *Grand Trunk* factor weighs against exercising jurisdiction.

      *v.*   *Balancing the* Grand Trunk *Factors*

As noted above, the Sixth Circuit has never suggested the relative weight of the factors; instead, "[t]he relative weight of the underlying considerations of efficiency, fairness, and federalism will depend on facts of the case." *Cole's Place*, 936 F.3d at 396 (citing *Hoey*, 773 F.3d at 759). Further,"[t]he essential question is always whether [the Court] has taken a good look at the issue and engaged in a reasoned analysis of whether issuing a declaration would be useful and fair." *Id*. (citing *Hoey,* 773 F.3d at 759) (citation omitted). Having evaluated those factors, the first two factors support exercising jurisdiction, as does one of the sub-factors of the fourth factor. The third factor is neutral and is given little weight. *See Cole's Place*, 936 F.3d at 399. Because of the importance of the first and second factors and the well-established law on these legal issues, the exercise of the Court's discretionary jurisdiction is appropriate in both the PCIC Action and the ASI Action.

## B. Judgment on the Pleadings

Having established that the Court has jurisdiction over the PCIC Action and ASI Action, the Court next addresses the merits of Plaintiffs' Motions for Judgment on the Pleadings. Plaintiffs argue that Defendants cannot establish, based on the pleadings, that the November 29, 2020, incident was an "occurrence" or "accident" under the respective insurance policies, and Plaintiffs are therefore entitled to Judgment on the Pleadings as to their claim for declaratory relief. [PCIC Action, DE 21 at 50]. ASI Similarly argues that Christian's gunshot was not an "occurrence"

under the ASI Policy.  [ASI Policy, DE 23 at 82].  The Morrisons dispute that Christian fired gunshots or that the gunshots were intentional.  [PCIC Action, DE 15 at 42, ASI Action, DE 16 at 54; DE 34 at 115].  ASI recognizes that the Morrisons do not concede that Christian shot Maultsby. [ASI Action, DE 36 at 175].  Maultsby also argues that there is an issue of fact regarding whether Christian intentionally fired gunshots.  [ASI Action, DE 30 at 102].

The Morrisons failed to respond to Plaintiffs' Motion for Judgment on the Pleadings in the PCIC Action.  The Morrisons may have waived their right to respond to any argument put forth in Plaintiffs' Motion. *See Keys v. Dart Container Corp. of Ky.*, No. 1:08-CV-00138-JHM, 2012 WL 2681461, at *7 (W.D. Ky. July 6, 2012) (citing *Maher v. Int'l Paper Co.*, 600 F. Supp. 2d 940, 948 (W.D. Mich. 2009) (holding that a non-moving party waives an argument by failing to address the argument in its response brief). Yet the Morrisons did respond to ASI's Motion for Judgment on the Pleadings in the ASI Action.  [ASI Action, DE 34].  Because the Morrisons responded in the ASI Action, the Court will simultaneously address the merits of both Motions for Judgment on the Pleadings.

The Morrisons do not concede that Christian fired a gunshot at Maultsby.  [ASI Action, DE 34 at 115].  That said, Maultsby spent five days in the ICU because of the gunshot wound. [PCIC Action, DE 1 at 2–3].  Maultsby then spent another five days in the hospital recovering. [*Id.*].  Despite the Morrisons' allegations, no reasonable juror could conclude that Christian did not fire at least one gunshot.  The Court need not "accept as true . . . unwarranted factual inferences."  *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).  Based on the allegations, no reasonable juror could find that Christian did not fire a gunshot during the altercation.

Accordingly, the Court finds that there is no factual dispute regarding whether Christian fired a gunshot during the altercation with Maultsby on November 29, 2020.[2]

Under Kentucky law, "[i]t is well established that construction and interpretation of a written instrument are questions of law for the court." *Dowell v. Safe Auto Ins. Co.*, 208 S.W.3d 872, 875 (Ky. 2006). If it is clear and unambiguous, the plain and ordinary meaning of the policy language governs. *Nationwide Mut. Ins. Co. v. Nolan*, 10 S.W.3d 129, 131 (Ky. 1999). "[A] court need not consider the applicability of an exclusion if there is no initial grant of coverage under the policy." *Cincinnati Ins. Co. v. Motorists Mut. Ins. Co.*, 306 S.W.3d 69 (Ky. 2010).

The Kentucky Supreme Court has held that intentional torts, like assault and battery, cannot be accidental as a matter of law. *Am. Mining Ins. Co. v. Peters Farms, LLC*, 557 S.W.3d 293, 294–95, 298 (Ky. 2018). In deciding whether an event was an accident, courts must apply the fortuity doctrine, determine: "1) whether the insured intended the event to occur; and 2) whether the event was a chance event beyond the control of the insured." *Martin/Elias Props., LLC v. Acuity*, 544 S.W.3d 639, 643 (Ky. 2018) (citing *Motorists Mut. Ins. Co.*, 306 S.W.3d at 76). The intent component focuses on whether the "event" giving rise to the alleged damages was intended and not whether the resulting injury was intended. *Martin/Elias*, 544 S.W.3d at 643 ("[T]he emphasis should not be whether the damage done is the type of damage that would be expected . . . but rather whether the damage resulted from the actions purposefully taken."). Federal courts applying Kentucky law have applied the fortuity doctrine to coverage cases involving assault and battery. *See Liberty Mut. Fire Ins. Co. v. Harris*, 513 F. App'x 563, 565 (6th Cir. 2013). The

---

[2] Although the Morrisons did not concede that Christian fired a gun, there was a pending criminal matter in Jefferson Circuit Court. *See Commonwealth v. Morrison*, Case No. 21-cr-000234 (Jefferson Cir. Ct.). On May 23, 2022, Christian pleaded guilty to assault under extreme emotional distress. Thus, Christian is likely collaterally estopped from arguing that he did not shoot at Maultsby. *See May v. Oldfield*, 698 F. Supp. 124 (E. D. Ky. 1988).

Sixth Circuit has held that "[an insured's] intent, or lack of intent, to cause injury during the underlying altercation does not determine whether the policy provides coverage." *Id.*

The Court takes guidance from the Kentucky Court of Appeals' decision in *Miracle v. Kentucky Farm Bureau Mutual Ins. Co.*, No. 2004-CA-001121-MR, 2005 WL 2323224 (Ky. App. Sept. 23, 2005). In *Miracle*, the defendant appealed a declaratory judgment which ruled that Kentucky Farm Bureau had no obligation to defend or indemnify Ronald Johnson for claims arising from Johnson's shooting of Roger Miracle, Sr. and Roger Miracle, Jr. *See* 2005 WL 2323224, at *1. The Miracles urged that judgment "was inappropriate because there was a genuine issue of material fact concerning Johnson's intent at the time he shot Roger Sr. and Roger Jr." *Id.* The Court of Appeals upheld the trial court's ruling and found that a factual determination of intent was not necessary before issuing the declaratory judgment. *See id.* at 2. The Court recognized that "certain acts are so inherently injurious, or substantially certain to result in some injury, that the intent to injure, or the expectation that the injury will result, can be inferred as a matter of law." *Id.* The Court then specified that "shooting another person at close range [is] so likely to cause harm that a court may infer intent as a matter of law." *Id.* (citing *Stone*, 34 S.W.3d at 812–13).

In this case, the PCIC Policy provides for coverage of "bodily injury and property damage for which an insured person becomes legally responsible because of an accident" and excludes "damage caused by an intentional act of" an insured person. [PCIC Action, DE 1 at 4]. The ASI Policy covers "[b]odily injury" or "[p]roperty damage" for which an insured becomes legally liable. [ASI Action, DE 23 at 82]. An "[o]ccurence" is defined as "an accident, including exposure to harmful conditions[.]" [*Id.*]. Under either the PCIC Policy or the ASI Policy, Plaintiffs would only be liable for damages if they were caused by an accident. [PCIC Action, DE 1 at 4–5].

The Court has found that Christian fired a gunshot at Maultsby during the November 29 incident.  Whether Christian meant to cause the damages stemming from the shooting is irrelevant. *See Martin/Elias*, 544 S.W.3d at 643 ("[T]he emphasis should not be whether the damage done is the type of damage that would be expected . . . but rather whether the damage resulted from the actions purposefully taken.").  As in *Miracle*, a factual determination of whether Christian intentionally shot and injured Maultsby is unnecessary.  *See* 2005 WL 2323224, at *2.  Shooting Maultsby at close range is so inherently dangerous, the Court may infer the act was intentional as a matter of law.  *See id.*  As the Kentucky Supreme Court has held, such intentional acts cannot be accidents under Kentucky law.  *See Am. Mining Ins. Co.*, 557 S.W.3d at 294–95, 298.  Because Christian's actions were not accidents as a matter of law, they cannot be covered "accidents" or "occurrences" under the PCIC Policy or the ASI Policy.  [PCIC Action, DE 21 at 52; ASI Action, DE 23 at 82].  Accordingly, the Morrisons and Maultsby have failed to satisfy their burden that Christian's actions were covered occurrences.  *See Secura Ins. Co. v. Gray Const., Inc.*, 717 F. Supp. 2d 710, 714–15 (W.D. Ky. 2010) (citing *N. Am. Acc. Ins. Co. v. White*, 80 S.W.2d 577, 578 (1935)).  Therefore, Plaintiffs' Motion for Judgment on the Pleadings [PCIC Action, DE 21] is **GRANTED** and ASI's Motion for Judgment on the Pleadings [ASI Action, DE 23] is **GRANTED**.

## IV.    CONCLUSION

Having thus considered the parties' filings and the applicable law, and being otherwise sufficiently advised, the Court **ORDERS** that:

1.    Plaintiffs' Motion for Judgment on the Pleadings [PCIC Action, DE 21] is **GRANTED**; and

2.    ASI's Motion for Judgment on the Pleadings [ASI Action, DE 23] is **GRANTED**.

Rebecca Grady Jennings, District Judge
United States District Court

September 29, 2022

16